16-1321-ag
Kasten v. MSPB

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand seventeen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*.

---

**Millicent Kasten,**

> *Petitioner*,

> v.                                                            No. 16-1321-ag

**Merit Systems Protection Board,**

> *Respondent.*

---

| | |
|---|---|
| **FOR PETITIONER:** | Norman E. Watts, Watts Law Firm, PC, Woodstock, VT. |
| **FOR RESPONDENT:** | Katrina Lederer, of counsel, *for* Bryan G. Polisuk, General Counsel, Merit Systems Protection Board, Washington, DC. |

---

Petition for review of a decision of the Merit Systems Protection Board.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the decision of the Merit Systems Protection Board is **AFFIRMED**.

Petitioner Millicent Kasten requests review of the decision of the Merit Systems Protection Board dismissing for lack of jurisdiction her appeal of her dismissal by the Department of Veterans Affairs. We assume the parties' familiarity with the procedural history of this matter and the underlying facts. The sole issue before us on appeal is whether the Petitioner made a non-frivolous allegation that she had made a protected disclosure thus satisfying the MSPB's jurisdictional prerequisites under the Whistleblower Protection Act.

The MSPB's jurisdiction "is limited to adverse personnel actions expressly made appealable to it by law, rule, or regulation. The burden of showing jurisdiction is on the petitioner." *Herman v. Dept. of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999)[1] (internal citations omitted). "Pursuant to 5 U.S.C. § 7703(c), we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. Under this standard, we review determinations of the Board concerning its jurisdiction *de novo*. Findings of fact underlying the Board's jurisdictional decision are reviewed for substantial evidence." *Parrott v. Merit Systems Protection Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008) (internal citations omitted). In this context, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McEntee v. Merit Systems Protection Bd.*, 404 F.3d 1320, 1325 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The MSPB administrative judge determined that the Petitioner's November 5, 2013 letter to her supervisors was not a protected disclosure within the meaning of the Whistleblower

---

[1] Given the relatively recent extension of appellate jurisdiction over MSPB decisions to this Court, *see* 5 U.S.C. § 7703(b)(1)(B), and the concomitant dearth of governing precedent from our circuit, we follow the Federal Circuit's well-established and robust jurisprudence, which we find eminently persuasive.

Protection Act, 5 U.S.C. § 2302(b)(8)(A), because the Petitioner could not have reasonably believed that the letter reported a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. The AJ's determination was amply supported by substantial evidence. As the AJ noted, the letter contained no reference to any legal authority and could not reasonably have been interpreted as raising any concern of illegality. The AJ found that the safety concerns articulated in the letter were vague, unspecified, and conditional, rather than being "substantial and specific," as the law requires. The letter did not claim that assigning the Petitioner to the Emergency Department as a Nursing Supervisor would endanger patients. It mentions safety only in the context of a hope that the Petitioner would have a "resource person to turn to if I feel the E.D. situation becomes unsafe." A 230. That falls short of asserting that the assignment posed a substantial and specific threat to public health or safety. A reasonable mind would find these deficiencies in the letter adequate to support the conclusion that the Petitioner could not reasonably have believed she was making a whistleblower report.

Having examined the Petitioner's letter regarding her assignment, we, like the AJ, reject her post hoc recharacterization of it as a protected whistleblower report. The AJ did not err in concluding that the Petitioner failed to make any non-frivolous allegation that she had made a protected disclosure within the meaning of the Whistleblower Protection Act. It follows, therefore, that the MSPB lacked jurisdiction over the matter, and it was properly dismissed.

We have considered all of the Petitioner's arguments to the contrary and find them without merit. The decision of the MSPB is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3